IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| AARON MOISES, | ) | CIV. NO. 21-00321 HG-WRP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| PAR PACIFIC HOLDINGS, INC.; | ) | |
| CAREONSITE, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER DENYING DEFENDANT CAREONSITE, INC.'S MOTION TO DISMISS COMPLAINT (ECF No. 9)**

Plaintiff Aaron Moises filed a Complaint alleging that he was employed as a Distribution Operator for Defendant Par Pacific Holdings, Inc. beginning in August 2013. Plaintiff claims that on January 11, 2019, he was required by his employer to take a random drug test that was administered by Defendant Careonsite, Inc.

Plaintiff alleges that Defendant Careonsite, Inc. did not administer the drug test properly and did not reasonably conform to the standards set forth in the federal regulations governing drug testing of transportation employees.

The Complaint alleges that ten days after the drug test, on January 21, 2019, Defendant Careonsite, Inc. informed Plaintiff and his employer that Plaintiff tested positive for tetrahydrocannabinol ("THC"), which is found in marijuana. Plaintiff alleges that Defendant Par Pacific Holdings, Inc.

1

terminated his employment as a result of the drug test administered by Defendant Careonsite, Inc.

The Complaint asserts that Plaintiff appealed his termination through a grievance process.  On December 20, 2019, an arbitrator ruled that Defendant Careonsite, Inc. did not administer the drug test properly and ordered Plaintiff to be reinstated to his position with Defendant Par Pacific Holdings, Inc.

Plaintiff filed a Complaint in Hawaii State Court against Defendant Par Pacific Holdings, Inc.; Defendant Careonsite, Inc.; and against Defendant Patrick Lam, M.D., the doctor who provided Plaintiff with the drug testing analysis.

While the proceedings were pending in Hawaii State Court, the Parties stipulated to dismiss Plaintiff's claims against Defendant Lam with prejudice.  Following Dr. Lam's dismissal, Defendant Careonsite, Inc. removed the Complaint from Hawaii State Court with consent from co-Defendant Par Pacific Holdings, Inc.

The removed Complaint asserts three counts:

| | |
|---|---|
| Count I: | Negligence against Defendant Careonsite, Inc. |
| Count II: | Negligent Training and Supervision against Defendant Careonsite, Inc. |
| Count III: | Employment Discrimination and Retaliation Against Defendant Par Pacific Holdings, Inc. |

Defendant Careonsite, Inc. filed a Motion to Dismiss, arguing lack of subject-matter jurisdiction and that Plaintiff

failed to state a negligence claim against it.

Plaintiff Opposes.

Defendant Careonsite, Inc.'s Motion to Dismiss (ECF No. 9) is **DENIED**.

## PROCEDURAL HISTORY

On December 2, 2020, Plaintiff filed a Complaint in the Circuit Court of the First Circuit, State of Hawaii.  (ECF No. 1-1).

On July 15, 2021, the Parties stipulated to dismiss Plaintiff's claims against Dr. Patrick Lam.  (ECF No. 1-2).

On July 26, 2021, Defendant Careonsite, Inc. filed a Notice of Removal of Plaintiff's Complaint to the United States District Court for the District of Hawaii on the basis of diversity jurisdiction.  (ECF No. 1).

On July 30, 2021, Defendant Par Pacific Holdings, Inc. filed a Notice of Consent to co-Defendant Careonsite, Inc.'s Notice of Removal.  (ECF No. 6).

On August 2, 2021, Defendant Careonsite, Inc. filed a Motion to Dismiss Complaint.  (ECF No. 9).

On August 22, 2021, Plaintiff filed his Opposition.  (ECF No. 12).

On September 14, 2021, Defendant Careonsite, Inc. filed its Reply.  (ECF No. 14).

On September 22, 2021, the Court issued a Minute Order

stating that it would decide the Motion without a hearing pursuant to District of Hawaii Local Rule 7.1(c).  (ECF No. 15).

## BACKGROUND

**According to the Complaint:**

Plaintiff Aaron Moises alleges that he was employed by Defendant Par Pacific Holdings, Inc. ("Defendant Par Pacific") as a Distribution Operator starting in August 2013.  (Complaint at ¶ 11, ECF No. 1-1).

Plaintiff states that on January 11, 2019, he was called by his shift supervisor to take a random drug test.  (Id. at ¶ 17).  Plaintiff asserts that he had previously been subjected to and passed four random drug tests since beginning his employment in 2013.  (Id. at ¶¶ 18, 35).

The Complaint alleges that the January 11, 2019 drug test was administered by Defendant Careonsite, Inc. ("Defendant Careonsite").  (Id. at ¶ 17).  Plaintiff alleges that he went to an office where an employee of Defendant Careonsite, Mark Burkowski, was located to administer the drug test. (Id. at ¶¶ 19-20).  The Complaint states that Burkowski instructed Plaintiff to grab an unsealed and unwrapped cup and then to proceed to a locker room to use a multi-stall bathroom to give his urine sample.  (Id. at ¶¶ 21, 23).  Plaintiff asserts that multiple people were in the locker room and another person was in the stall adjacent to him when he provided his urine sample as

4

instructed by Burkowski.  (Id. at ¶ 24).

The Complaint alleges that Defendant Careonsite failed to properly label, store, ship and/or test the urine provided.  (Id. at ¶ 26).  The Complaint asserts that Defendant Careonsite failed to follow reasonable procedures, rules, and regulations in administering the drug test, including the regulations for drug testing issued by the United States Department of Transportation governing transportation employees such as Plaintiff.  (Id. at ¶¶ 22, 25, 31-32, 37-43).

Plaintiff asserts that ten days after he provided the urine sample, on January 21, 2019, a medical review officer, Patrick Lam, M.D., informed Plaintiff that the urine sample Plaintiff provided tested positive for "THC" or tetrahydrocannabinol, a chemical found in marijuana.  (Id. at ¶¶ 27-29).  Plaintiff claims that he has never ingested marijuana in any manner and that the results were wrong.  (Id. at ¶ 36).

The Complaint alleges that on the same day, January 21, 2019, Plaintiff's employer, Defendant Par Pacific, terminated Plaintiff's employment as a result of the drug test results provided by Defendant Careonsite.  (Id. at ¶¶ 33-34, 48).

Plaintiff alleges that he noticed numerous discrepancies in the manner in which he was drug tested and the manner in which he was provided with the results.  (Id. at ¶ 44).

The Complaint asserts that Plaintiff filed a grievance regarding his termination and a hearing was conducted on

5

September 11, 2019, before an arbitrator.  (Id. at ¶¶ 14, 52).

The Complaint states that the arbitrator issued a ruling on December 20, 2019, finding that Defendant Par Pacific improperly terminated Plaintiff's employment and that Defendant Careonsite failed to properly administer the January 11, 2019 drug test. (Id. at ¶¶ 14-16, 54).  Plaintiff asserts that the arbitrator required his reinstatement of employment with Defendant Par Pacific.  (Id. at ¶¶ 55-65).  Plaintiff complains that since his reinstatement he has been subjected to retaliation by his employer.

## STANDARD OF REVIEW

Defendant Careonsite moves to dismiss Plaintiff's Complaint on two bases:

(1) lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1); and,

(2) failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

**SUBJECT-MATTER JURISDICTION**

Federal Rule of Civil Procedure 12(b)(1) requires that a case must be dismissed for lack of subject-matter jurisdiction when the Court lacks a constitutional or statutory basis to adjudicate the controversy.  Leeson v. Transamerica Disability Income Plan, 671 F.3d 969, 975 (9th Cir. 2012).

A challenge to the Court's subject-matter jurisdiction may be "facial or factual."  Safe Air for Everyone v. Meyer, 373 F.3d

6

1035, 1039 (9th Cir. 2004).

Here, Defendant Careonsite makes a facial attack to the Court's subject-matter jurisdiction.  In a facial attack, the party challenging jurisdiction argues that the allegations contained in a complaint are insufficient "on their face" to invoke federal jurisdiction.  Id.  A facial challenge, therefore, mirrors a traditional motion to dismiss analysis.  The Court must take all allegations contained in the pleading "to be true and draw all reasonable inferences in [plaintiff's] favor."  Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).

**FAILURE TO STATE A CLAIM**

The Court must dismiss a complaint as a matter of law pursuant to Federal Rule of Civil Procedure 12(b)(6) where it fails "to state a claim upon which relief can be granted."  When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all allegations of material fact to be true and draw all reasonable inferences in favor of the non-moving party.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss.  Id.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim has facial plausibility when the

7

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).

The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." AE ex rel. Hernandez v. Cnty of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (internal quotations omitted).

## ANALYSIS

### I. Subject-Matter Jurisdiction

Plaintiff filed his Complaint in Hawaii State Court, asserting state law claims of negligence and negligent hiring and supervision against Defendant Careonsite, Inc. ("Defendant Careonsite") and state law claims of employment discrimination and retaliation against Defendant Par Pacific Holdings, Inc. ("Defendant Par Pacific").[1]

Defendant Careonsite filed a Motion to Dismiss, arguing that this Court lacks subject-matter jurisdiction pursuant to Fed. R.

---

[1] The Parties stipulated to dismiss Defendant Patrick Lam, M.D., as a Defendant with prejudice, and he is no longer a party in this case.

Civ. P. 12(b)(1) and that Plaintiff failed to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

The Court first addresses Defendant Careonsite's erroneous argument that this Court lacks subject-matter jurisdiction. (Def.'s Motion at p. 2, ECF No. 9; Def.'s Memo. at pp. 5, 10, ECF No. 9-1).

Plaintiff did not file the Complaint in federal court. Rather, Plaintiff filed his Complaint in the Circuit Court of the First Circuit, State of Hawaii. Defendant Careonsite, with the consent of the other remaining defendant, Defendant Par Pacific, removed the case to the United States District Court for the District of Hawaii.

Defendant Careonsite removed the case to federal court on the basis of diversity jurisdiction. (Notice of Removal, ECF No. 1). The party removing the action to federal court has the burden to establish that subject-matter jurisdiction exists. Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009); California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004).

Here, Defendant Careonsite established in its Notice of Removal that diversity jurisdiction exists. There is complete diversity between the Plaintiff and Defendants: Plaintiff is a citizen of Hawaii, Defendant Careonsite is a citizen of California, and Defendant Par Pacific is a citizen of Texas. (Notice of Removal at ¶¶ 4, 6-7, ECF No. 1). Plaintiff seeks

damages for back pay, damage to reputation, and emotional distress in an amount that exceeds $75,000.  (Complaint at p. 15, ECF No. 1-1).

Defendant Careonsite cannot file a Motion to Dismiss pursuant to Rule 12(b)(1) because it already established that the Court has diversity jurisdiction when it removed the case.

Defendant Careonsite's Motion to Dismiss based on lack of federal question jurisdiction is not a basis for dismissal because there is diversity jurisdiction.

Defendant Careonsite Inc.'s Motion to Dismiss (ECF No. 9) based on lack of subject-matter jurisdiction is **DENIED**.

**II.  Plaintiff Has Properly Stated Claims Against Defendant Careonsite, Inc.**

Pursuant to Hawaii law, a negligence claim must allege the following four elements:

(1)  a duty, or obligation, recognized by law, requiring the actor to conform to a certain standard of conduct, for the protection of others against unreasonable risks;

(2)  a failure on the actor's part to conform to the standard required;

(3)  a reasonable close casual connection between the conduct and the resulting injury; and,

(4)  actual loss or damage resulting to the interests of another.

Ono v. Applegate, 612 P.2d 533, 538-39 (Haw. 1980).

10

### A.   Defendant Careonsite, Inc. Owed Plaintiff A Duty Of Care

Courts have widely held that laboratory facilities owe a duty of care to the individuals whose specimens they test at the request of others. Quisenberry v. Compass Vision, Inc., 618 F.Supp.2d 1223, 1230-31 (S.D. Cal. 2007). In Quisenberry, the District Court for the Southern District of California analyzed caselaw from numerous state courts to find, as a matter of first impression pursuant to California law, that laboratories owe a duty to individuals whose specimens they test. Id. The district court explained that to hold otherwise would mean to deprive thousands of individuals from an opportunity to challenge or receive any recourse from the repercussions they may suffer due to negligently performed laboratory tests producing erroneous or inaccurate tests. Public policy clearly supports holding a laboratory accountable to the individuals it tests.

This Court agrees and finds that a duty of care exists pursuant to Hawaii law. The overwhelming majority of courts that have decided the issue have held that a duty of care exists between an administrator of drug testing and the individuals it tests. The Quisenberry decision has been followed in numerous jurisdictions which have found that the administrator and provider of urinalysis testing owes a legal duty to the individuals it tests. Trinidad v. BioLife Plasma Servs., L.P., 2021 WL 4805325, *5 (D. Ariz. Oct. 14, 2021) (finding a duty of care exists under Arizona law and explaining that finding a duty

11

of care based on public policy is the trend among state courts); Berry v. Nat'l Med. Servs., Inc., 257 P.3d 287, 291 (Kan. 2011); Garlick v. Quest Diagnostics, Inc., 2009 WL 5033949, *3 (D.N.J. Dec. 14, 2009).

### B. The Complaint Sufficiently Alleges That Defendant Careonsite, Inc. Breached The Legal Duty It Owed To Plaintiff Causing Him Harm

Plaintiff alleges that Defendant Careonsite breached the duty of care it owed to him.  Plaintiff claims the results of the Careonsite administered drug test were wrong, resulting in Plaintiff being terminated from his employment with Defendant Par Pacific.  Plaintiff claims that he has never used marijuana in any form but that Defendant Careonsite reported to his employer that he tested positive for THC, a chemical found in marijuana. (Complaint at ¶¶ 12-16, 36-38, ECF No. 1-1).

Defendant argues that Plaintiff's claims "rest entirely upon allegations of violations of" the Omnibus Transportation Employee Test Act of 1991, 49 U.S.C. § 5331, 49 C.F.R. § 40 et. seq., for which there is no private right of action.  (Def.'s Memo. at pp. 6-10, ECF No. 9-1).

Defendant Careonsite is incorrect.  Plaintiff alleges numerous theories upon which he claims that Defendant Careonsite may have breached the duty of care to reasonably administer the drug test and to conduct an accurate urinalysis.  The Complaint alleges that the drug test was conducted with an "unsealed and

12

unwrapped" cup, that the test was administered with other people in close proximity to the Plaintiff, and that breaches of testing protocol involved improper labeling, storing, and shipping resulting in the false positive result. (Complaint at ¶¶ 16, 21-26, 75, ECF No. 1-1).

Plaintiff claims that Defendant Careonsite's procedures violated standard testing protocols. The Complaint states that Defendant Careonsite "failed to collect validly and properly, label, store, ship, and/or test the urine sample provided by Plaintiff." (Id. at ¶ 26). Plaintiff alleges Defendant Careonsite and its employees "failed to exercise reasonably prudent care to ensure that Plaintiff's urine sample was validly collected, labeled, stored, shipped, and/or tested" and "failed to follow reasonable procedures, rules, and regulations." (Id. at ¶¶ 37-38). The Complaint states that "Plaintiff's urine sample was either contaminated or mistakenly identified, which resulted in a false positive drug test result." (Id. at ¶ 75).

Plaintiff's negligence theories reference the federal Omnibus Transportation Employee Test Act of 1991. His reliance on the statute and its accompanying regulations is not inappropriate. Plaintiff has asserted a negligence claim with a duty of care based on state law, not based on the federal law. Plaintiff references the federal statute to support Plaintiff's theories as to what protocols he believes Defendant Careonsite should have followed in order to prevent a false positive test

13

resulting in the termination of his employment.

The Ninth Circuit Court of Appeals has explained that the Omnibus Transportation Employee Testing Act of 1991 does not preempt state law negligence claims and that a jury may consider federal standards in deciding whether a defendant is negligent, even when the standards do not provide a federal law private right of action.  Ishikawa v. Delta Airlines, Inc., 343 F.3d 1129, 1132 (9th Cir. 2003).

Courts in the Ninth Circuit have ruled that the Omnibus Transportation Employee Testing Act of 1991 regulations may provide guidance in negligent drug testing cases, because the regulations may support a plaintiff's theories regarding how he believes the drug testing entity breached its duty of care.  See id.; Spiker v. Sanjivan PLLC, 2013 WL 5200209, *14 (D. Ariz. Sept. 16, 2013).

The Complaint plausibly alleges that Defendant Careonsite was negligent and that Defendant Careonsite's negligence caused Plaintiff harm.  Plaintiff claims that Defendant Careonsite's negligent conduct resulted in a false positive drug test, termination of his employment, loss of wages, damage to his reputation, and emotional distress.

The Complaint sufficiently states a claim against Defendant Careonsite.

Defendant Careonsite, Inc.'s Motion to Dismiss is **DENIED**.

**CONCLUSION**

Defendant Careonsite, Inc.'s Motion to Dismiss Complaint (ECF No. 9) is **DENIED**.

IT IS SO ORDERED.

DATED: December 13, 2021, Honolulu, Hawaii.



Helen Gillmor
United States District Judge