IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
AARON MOISES,                    )  CIV. NO. 21-00321 HG-WRP
                                 )
            Plaintiff,           )
                                 )
       vs.                       )
                                 )
PAR PACIFIC HOLDINGS, INC.;      )
CAREONSITE, INC.,                )
                                 )
            Defendants.          )
_____)
```

**ORDER DENYING DEFENDANT PAR PACIFIC HOLDINGS, INC.'S MOTION TO FOR JUDGMENT ON THE PLEADINGS (ECF No. 17)**

**and**

**GRANTING PLAINTIFF LEAVE TO AMEND THE COMPLAINT**

Plaintiff filed a Complaint alleging that Defendant Par Pacific Holdings, Inc. terminated his employment as a result of a false positive drug test that was improperly administered by Defendant Careonsite, Inc.

The Complaint asserts that Plaintiff appealed his termination through a grievance process pursuant to a Collective Bargaining Agreement. Plaintiff asserts that an arbitrator ruled that Defendant Careonsite, Inc. did not administer the drug test properly. The Complaint states that the arbitrator ordered Defendant Par Pacific Holdings, Inc. to return Plaintiff to work at his former status without loss of any pay or benefits.

Plaintiff alleges that after reinstatement, Defendant Par Pacific Holdings, Inc. threatened him, attempted to prevent him

1

from engaging in protected activities, and discarded his personal property, all in retaliation for his complaints and reports against the employer.

Plaintiff also claims that following his reinstatement, Defendant Par Pacific Holdings, Inc. refused to retrain and requalify him for certain work that deprived him of lost wages.

The Complaint in Count III asserts Defendant Par Pacific Holdings, Inc. violated Hawaii Revised Statutes § 378-62, the Hawaii Whistleblowers' Protection Act.

Defendant Par Pacific Holdings, Inc. filed a Motion for Judgment on the Pleadings.  Defendant argues that Plaintiff failed to plead an adverse employment action or a sufficient causal connection in support of his claim.  Defendant also argues that a portion of Plaintiff's claim against it is subject to Section 301 of the Labor Management Relations Act and is therefore not properly before the Court.

Defendant Par Pacific Holding, Inc.'s Motion for Judgment on the Pleadings (ECF No. 17) is **DENIED.**

Plaintiff is granted **LEAVE TO AMEND** the Complaint.

### PROCEDURAL HISTORY

On December 2, 2020, Plaintiff filed a Complaint in the Circuit Court of the First Circuit, State of Hawaii.  (ECF No. 1-1).

On July 26, 2021, Defendant Careonsite, Inc. filed a Notice

of Removal to the United States District Court for the District of Hawaii.  (ECF No. 1).

On July 30, 2021, Defendant Par Pacific Holdings, Inc. filed a Notice of Consent to the Notice of Removal.  (ECF No. 6).

On October 27, 2021, Defendant Par Pacific Holdings, Inc. filed DEFENDANT PAR PACIFIC HOLDINGS, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS (ECF No. 17).

On October 29, 2021, the Court issued a briefing schedule. (ECF No. 18).

On November 24, 2021, Plaintiff filed his Opposition to Defendant's Motion for Judgment on the Pleadings.  (ECF No. 19).

On the same date, Defendant Careonsite, Inc. filed a Statement of No Position on Defendant Par Pacific Holdings, Inc.'s Motion for Judgment on the Pleadings.  (ECF No. 20).

On December 14, 2021, Defendant Par Pacific Holdings, Inc. filed its Reply.  (ECF No. 22).

On January 5, 2022, the Court issued a Minute Order electing to decide Defendant Par Pacific Holdings, Inc.'s Motion for Judgment on the Pleadings without a hearing pursuant to District of Hawaii Local Rule 7.1(c). (ECF No. 24).

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings after the pleadings are closed.  Judgment on the pleadings "is properly granted when

3

there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." <u>Fleming v. Pickard</u>, 581 F.3d 922, 925 (9th Cir. 2009).

For a Rule 12(c) motion for judgment on the pleadings, all material allegations contained in the nonmoving party's pleadings are accepted as true and the Court analyzes the Motion under the same standard as a Motion filed pursuant to Fed. R. Civ. P. 12(b)(6) and the requirements set forth in <u>Twombly/Iqbal</u>. <u>Chavez v. United States</u>, 683 F.3d 1102, 1108 (9th Cir. 2012).

The District Court's review of a motion for judgment on the pleadings is generally limited to the contents of the complaint. The Court may consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice. <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688-89 (9th Cir. 2001).

Here, Defendant Par Pacific Holdings, Inc. attached the Declaration of its human resources manager Laura Iaea-Behic (ECF No. 17-2), a copy of the applicable Collective Bargaining Agreement between Plaintiff's employer and the United Steel Workers (ECF No. 17-3), and two exhibits pertaining to a grievance process (ECF Nos. 17-4 and 17-5) to its Motion for Judgment on the Pleadings.

In response, Plaintiff attached a Declaration from himself in support of his Opposition to Defendant's Motion for Judgment on the Pleadings.  (ECF No. 19-1).

Defendant attached additional evidence in response in its Reply.  (ECF No. 22-2, 22-3).

For purposes of Defendant's Motion for Judgment on the Pleadings, the Court's review is limited to the contents of the Complaint (ECF No. 1-1), the Collective Bargaining Agreement (ECF No. 17-3), and the arbitrator's December 20, 2019 decision (ECF No. 22-2), as they are incorporated by reference in the Complaint.  Lee, 250 F.3d at 688.

All additional exhibits and declarations are disregarded as they are not properly before the Court in ruling on a Motion for Judgment on the Pleadings.

## **ANALYSIS**

Defendant Par Pacific Holdings, Inc.'s Motion for Judgment on the Pleadings argues that Plaintiff cannot prevail on his claims against it pursuant to the Hawaii Whistleblowers' Protection Act, Haw. Rev. Stat. § 378-62 on two bases.

First, Defendant argues that Plaintiff has failed to plead an adverse employment action or the requisite causal connection pursuant to the Hawaii Whistleblowers' Protection Act, Haw. Rev. Stat. § 378-62.

Second, Defendant argues that part of Plaintiff's claim regarding lack of retraining and requalification is preempted pursuant to Section 301 of the Labor Relations Management Act, 29 U.S.C. § 185(a).

As an initial matter, the Court finds that the record is not sufficiently developed to enter judgment in favor of any Party at this point in the proceedings.  Both Defendant Par Pacific Holdings, Inc. and Plaintiff are seeking to rely on Declarations and other documents that are not properly part of the pleadings here.  A Motion for Judgment on the Pleadings must conform to the parameters of Federal Rule of Civil Procedure 12(c).

In this case, the Complaint was filed in Hawaii State Court pursuant to the state court notice pleading standard.  Defendants subsequently removed the Complaint to federal court and it has not been amended.

Plaintiff's Complaint does not contain sufficient allegations to plausibly state a claim pursuant to the standard set forth in Twombly/Iqbal.  The appropriate remedy is to allow Plaintiff leave to amend the Complaint to address the standard required in federal court and to provide sufficient allegations to state a claim as outlined in this Order.

**I.   Hawaii Whistleblowers' Protection Act**

A claim pursuant to the Hawaii Whistleblowers' Protection Act[1] contains three elements:

---

[1] The Hawaii Whistleblowers' Protection Act, Haw. Rev. Stat. § 378-62, provides in relevant part:
An employer shall not discharge, threaten, or otherwise discriminate against an employee regarding the employee's compensation, terms, conditions, location, or privileges of employment because:
　　(1)   The employee ... reports or is about to report to the

>       (1)  the employee engaged in protected conduct;
>
>       (2)  the employer has taken some adverse action against the employee; and,
>
>       (3)  there is a causal connection between the alleged retaliation and the whistleblowing.

Griffin v. JTSI, Inc., 654 F.Supp.2d 1122, 1130-31 (D. Haw. 2008).

### A.  Adverse Employment Action

The term adverse employment action is construed broadly to be any action that is reasonably likely to deter employees from engaging in a protected activity. Ray v. Henderson, 217 F.3d 1234, 1240-43 (9th Cir. 2000).  Courts have found "that a wide array of disadvantageous changes in the workplace constitute adverse employment actions." Id. at 1240.

Here, Plaintiff has made general allegations that he was harassed, intimidated, and coerced by Defendant Par Pacific Holdings, Inc. for engaging in protected activities, but the Complaint lacks sufficient particularity to plead a claim.  (See Complaint at ¶¶ 55, 61-65, ECF No. 1-1).

The Complaint contains allegations that Defendant Par Pacific Holdings, Inc. has created an environment that is hostile

---

>       employer, or reports or is about to report to a public body, verbally or in writing, a violation or a suspected violation of:
>       (A)  A law, rule, ordinance, or regulation, adopted pursuant to law of this State, a political subdivision of this State, or the United States....

7

toward Plaintiff and has made it difficult for him to perform his work.  (Id. at ¶ 65).  Plaintiff generally alleges that Defendant has engaged in these hostile acts in response to his engagement in protected activities.  The Complaint asserts that Plaintiff was harassed, threatened, and intimidated by his employer in response for his reporting violations of drug testing protocols and in retaliation for disputing his termination through the grievance process.  (Id. at ¶ 62, 90-92).

The Complaint also asserts that Defendant Par Pacific Holdings, Inc. discarded Plaintiff's personal property from his locker.  Such an action could be seen as a part of a harassing and threatening hostile work environment allegedly created following Plaintiff's reinstatement.  (Id. at ¶¶ 57-58, 92).

The allegations here require more particularity to plausibly state a claim.  For example, in paragraph 61 of the Complaint, Plaintiff states that he has been repeatedly admonished and threatened, but it does not provide information as to which of the Defendant's employees made the threats, when the threats occurred, and in what form the threats were made to Plaintiff.  (See id. at ¶ 61).  Similarly, the Complaint states Plaintiff has been warned not to upset "upper management and HR" but it does not name any individuals involved, nor does it state the time, place, and manner of the communications.  (Id. at ¶ 62).

Plaintiff has attempted to provide further details in support of his Complaint in the Declaration attached to his

8

Opposition to Defendant's Motion. (Declaration, attached as Ex. 1 to Pla.'s Opp., ECF No. 19-1). In his Declaration, Plaintiff provides more particularity and includes the names, statements, and dates of acts by particular employees of Defendant Par Pacific Holdings, Inc. (Id. at ¶¶ 11-14). The Declaration is not properly before the Court on a Motion for Judgment on the Pleadings. Rather, the proper procedure is for Plaintiff to amend the Complaint to provide allegations to sufficiently state a claim.

Amendment is appropriate to allow Plaintiff to sufficiently allege the particular adverse employment actions he claims to have suffered and the basis for the actions. It is well settled that the mere threat of harm can be an adverse action, regardless of whether it is carried out, because the threat itself can have a chilling effect on an employee engaging in protected acts. Brodheim v. Cry, 584 F.3d 1262, 1270 (9th Cir. 2009); Berry v. Dep't of Soc. Servs., 447 F.3d 642, 655 (9th Cit. 2006). The Ninth Circuit Court of Appeals has explained that conduct that evidences coercion, persuasion, or intimidation to chill or silence a person from engaging in protected speech may constitute an adverse action for purposes of a retaliation claim. Coszalter v. City of Salem, 320 F.3d 968, 975-76 (9th Cir. 2003).

**B.   Causal Connection**

Defendant Par Pacific Holdings, Inc. argues that Plaintiff

9

has failed to articulate a causal connection between the purported adverse actions and his engagement in a protected activity.

The causal connection requirement pursuant to the Hawaii Whistleblowers' Protection Act has two stages.

<u>First</u>, the employee must make a prima facie showing that his protected conduct was a substantial or motivating factor in the adverse employment action.

<u>Second</u>, the employer must then defend its actions by showing that the adverse action would have occurred regardless of the protected activity.  <u>Taqupa v. VIPdesk, Inc.</u>, 125 F.Supp.3d 1108, 1119-20 (D. Haw. 2015) (citing <u>Crosby v. State Dep't of Budget & Fin.</u>, 876 P.2d 1300, 1310 (Haw. 1994)).

Here, the record is not developed on these issues relating to the causal connection, particularly the timing and motivation of the adverse actions.

Just as with the adverse action allegations, Plaintiff's Declaration attempts to cure the deficiencies in the Complaint to provide further details to support his claim.  Plaintiff's Declaration is not properly before the Court in a Motion for Judgment on the Pleadings.

Plaintiff is **GRANTED LEAVE TO AMEND** the Complaint to provide sufficient allegations as to the adverse employment actions he claims he suffered and the causal connections between the actions and his engagement in protected activities.

10

**II. Section 301 of the Labor Management Relations Act**

Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a) provides, in part, that suits for a violation of a contract between an employer and a labor organization representing employees in an industry affecting commerce may be brought in any district court of the United States.

The statute is construed broadly such that Section 301 of the Labor Management Relations Act preempts state law claims between an employee and an employer where the gravamen of the claim concerns an employment relationship governed by provisions of a collective bargaining agreement. Shane v. Greyhound Lines, Inc., 868 F.2d 1057, 1062 (9th Cir. 1989). If preemption applies, an employee may sue pursuant to Section 301 of the Labor Management Relations Act after exhausting all applicable contractual grievance procedures contained in the collective bargaining agreement. United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29, 37 (1987).

The Ninth Circuit Court of Appeals applies a two-part test to determine whether a state law claim is preempted pursuant to Section 301 of the Labor Management Relations Act.

First, the court evaluates whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, and not by a collective bargaining agreement. Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1059 (9th Cir. 2007).

11

Second, if the right exists independently of the collective bargaining agreement, the court evaluates whether the state law claim is substantially dependent on analysis of the collective bargaining agreement.  The second factor turns on whether the claim can be resolved by simply looking to the collective bargaining agreement rather than requiring interpretation of the collective bargaining agreement.  Kobold v. Good Samaritan Reg'l Med. Ctr., 832 F.3d 1024, 1033 (9th Cir. 2016).  The state law claim is preempted if it requires interpretation of the CBA.  Id.

Here, Defendant Par Pacific Holdings, Inc. argues that Plaintiff's claim that his employer failed to retrain him and requalify him resulting in lost back wages is preempted by Section 301 of the Labor Management Relations Act.

It is unclear from the record the breadth of Plaintiff's claim regarding retraining and requalification.  It is not clear from the Complaint whether Plaintiff is separately attempting to bring a claim that requires interpretation of the collective bargaining agreement or whether his claim would merely look to the collective bargaining agreement, if at all.  The arbitrator ruled that Plaintiff was to be returned to work at his former status without loss of any pay or benefits.  (Arbitrator's December 20, 2019 Decision, at p. 4, ECF No. 22-2).

Plaintiff asserts in the Complaint that Defendant refused to retrain or requalify him upon reinstatement.  (Complaint at ¶¶ 59-61, ECF No. 1-1).  It is unclear from the Complaint whether

Plaintiff is arguing that Defendant Par Pacific Holdings, Inc. failed to comply with the ruling of the arbitrator that he be returned to his former status or something more far reaching. A clear statement in the Complaint is needed in order to determine if the collective bargaining agreement would require interpretation on these matters.

It is not clear in the Complaint if Plaintiff's claim of employer retaliation requires interpretation of the Collective Bargaining Agreement. Judgment on the Pleadings is not appropriate where there is a lack of clarity as to whether Section 301 preemption is involved here.

Plaintiff is **GRANTED LEAVE TO AMEND** regarding his claim that Defendant Par Pacific Holdings, Inc. failed to retrain and requalify him upon reinstatement and clarify the legal and factual basis for the allegations.

//
//
//
//
//
//
//
//
//
//

**CONCLUSION**

Defendant Par Pacific Holdings, Inc.'s Motion for Judgment on the Pleadings (ECF No. 17) is **DENIED**.

Plaintiff is **GRANTED LEAVE TO AMEND** the Complaint.

Plaintiff shall have until Tuesday, March 1, 2022, to file the First Amended Complaint in conformity with the rulings in this Order.

IT IS SO ORDERED.

DATED: January 28, 2022, Honolulu, Hawaii.

Helen Gillmor
United States District Judge